BLANK ROME, LLP
Attorneys for Plaintiff
STEMCOR (USA) INC.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEMCOR (USA) INC., | **07 CIV 6150** |
| Plaintiff, | 07 Civ. |
| -against- | VERIFIED COMPLAINT |
| TEXAS AMERICAN SHIPPING CORP., a/k/a TASC, | |
| Defendant. | |

**JUDGE CASTEL**



RECEIVED JUN 2 9 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, STEMCOR (USA) INC. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendant, TEXAS AMERICAN SHIPPING CORP. a/k/a TASC ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a domestic corporation with its offices at 350 Fifth Avenue, New York, N. Y. 10118.

3. At all material times, Defendant was and is a corporation organized and existing under the laws of Texas or one of the other States of the United States other than New York, with

its offices at 24800 Pitkin Road, Suite B, Spring, Texas 77386. Defendant has no office or place of business within this Judicial District.

4. On or about February 28, 2007, Plaintiff and Defendant entered into a charter party by which Defendant undertook to provide a vessel, to be nominated by Defendant, to carry Plaintiff's cargo of coils of prime hot rolled steel sheets from Brownsville, Texas to Cartagena, Spain on or about April 18, 2007.

5. The charter market increased substantially before the time came for Defendant to provide a vessel.

6. Despite Plaintiff's numerous demands, Defendant failed and refused to nominate and provide a vessel, in breach of the aforesaid charter party.

7. By reason of Defendant's breach, Plaintiff was compelled to charter a substitute vessel to carry its cargo, at a cost of $303,909.47 over and above what it would have cost Plaintiff to transport its cargo under the charter party with Defendant.

8. Defendant has paid no part of Plaintiff's damages of $303,909.47, although the same has been duly demanded.

9. The Charter provides for the arbitration of disputes in the City of New York. Plaintiff reserves the right to submit its claims to arbitration, while exercising its traditional remedy of maritime attachment, as provided in 9 U.S.C. § 8.

10. New York arbitrators routinely award interest, arbitrators' fees, and legal costs to the successful party.

11. Plaintiff estimates that (a) interest in the sum of US$21,274 will be incurred at a rate of 7% for a period of one year; (b) recoverable legal costs will be awarded in the sum of US$35,000; and (c) recoverable arbitrators' fees will be awarded in the sum of US$30,000.

12. The total amount for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment herein is **US$390,183.47**

13. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$390,183.47** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the arbitration award.

  D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
   June 29, 2007

          Respectfully submitted,
          BLANK ROME, LLP
          Attorneys for Plaintiff
          STEMCOR (USA) INC.

          By: _____
          Jack A. Greenbaum (JG 0039)
          The Chrysler Building
          405 Lexington Ave.
          New York, NY 10174-0208
          (212) 885-5000

## **VERIFICATION**

STATE OF NEW YORK        )
                                          : ss.:
COUNTY OF NEW YORK   )

HEINER HARMEYER, being duly sworn, deposes and says:

1. I am Vice President - Shipping of Plaintiff, Stemcor (USA) Inc., and personally managed the transaction at issue.

2. I have read the foregoing Complaint and I believe the contents thereof are true to my personal knowledge, based on my communications with the Defendant and documents in my file.

                                                                                            _____
                                                                                            Heiner Harmeyer

Sworn to before me this
29th day of June 2007

_____
Notary Public

JANOS GELLEN
NOTARY PUBLIC, State of New York
No. 4933666
Qualified In Westchester County
Certificate Filed In New York County
Commission Expires August 15, 2010

BLANK ROME, LLP
Attorneys for Plaintiff
STEMCOR (USA) INC.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEMCOR (USA) INC., <br><br> Plaintiff, <br><br> -against- <br><br> TEXAS AMERICAN SHIPPING CORP., a/k/a TASC, <br><br> Defendant. | 07 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK     )
                     ) ss:
COUNTY OF NEW YORK    )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendant, ("Defendant"), a domestic corporation, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

600261.00602/6556052v.1

2.  Defendant is a party to a maritime contract of charter party and is a domestic corporation with offices at 24800 Pitkin Road, Suite B, Spring, Texas 77386 and no offices or place of business within this judicial district.

3.  Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.  In our search, we did not find any listing or reference to the Defendant in this judicial district or the state of New York. In the circumstances, I believe Defendant cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
29th day of June, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__/ /

311808.1
600261.00602/6556052v.1

2