# LENNON, MURPHY & LENNON, LLC – *Attorneys at Law*

| | | |
|---|---|---|
| The GrayBar Building | Patrick F. Lennon - *pfl@lenmur.com* | Tide Mill Landing |
| 420 Lexington Ave., Suite 300 | Charles E. Murphy – *cem@lenmur.com* | 2425 Post Road |
| New York, NY 10170 | Kevin J. Lennon – *kjl@lenmur.com* | Southport, CT 06890 |
| *phone* (212) 490-6050 | Nancy R. Peterson – *nrp@lenmur.com* | *phone* (203) 256-8600 |
| *fax* (212) 490-6070 | | *fax* (203) 256-8615 |

**MEMO ENDORSED**

August 10, 2007

Hon. P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
Daniel P. Moynihan U.S. Courthouse
500 Pearl Street, Room 920
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/07

Re:   *Stemcor USA Inc. v. Texas American Shipping Corp.*
Case no.:   07 Civ 6150 (PKC)
Our ref.:   07-1158

Dear Judge Castel:

    We are counsel for Defendant Texas American Shipping Corp. ("TASC") in the above-captioned matter. We write in accordance with your Honor's Individual Practices to request a pre-motion conference. This is a maritime attachment action pursuant to Supplemental Admiralty Rule B. Plaintiff has recently attached $32,000 of TASC's funds pursuant to the Court's Ex Parte Order for maritime attachment and garnishment issued in this case. The funds were being transmitted by electronic funds transfer through JP Morgan Chase Bank within the District when they were attached.

    The basis for the Motion is that the unlike attachments authorized by the Second Circuit's decision in *Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, TASC's funds were moving electronically on the Federal Reserve Bank's "FEDWIRE" system. In *Winter Storm*, the attached funds were moving through a New York intermediary bank on a private funds transfer system ("SWIFT"), which was subject to and governed by Article 4A of the Uniform Commercial Code pursuant to New York State law. The Second Circuit ruled that although Article 4A prohibited service of creditor process on an intermediary bank, Article 4A was preempted by Supplemental Admiralty Rule B on supremacy grounds.

    Here, the FEDWIRE funds transfer system is subject to Article 4A, and its prohibition on the service of creditor process on an intermediary bank, but pursuant to Federal law via implementation by Federal Reserve Regulation J, which adopts UCC Article 4A as part of federal law, as opposed to state law. Thus, unlike the situation in *Winter Storm*, here there are no

preemption issues and the attachment of TASC's funds is prohibited by federal law itself, which cannot be preempted by admiralty law.

In view of the foregoing, TASC is prepared to file a motion to vacate the attachment of its funds pursuant to Supplemental Admiralty Rule E(4)(f) and requests either direct permission to do so by endorsement of this letter, or for a pre-motion conference in accordance with your Honor's Individual Rules.

Respectfully submitted,

*[signature]*

Patrick F. Lennon

PFL/bhs

cc: Jack A. Greenbaum, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208

*[handwritten endorsement:]* Premotion conference requirement is waived. File motion no later than September 21, 2007. SO ORDERED. *[signature]* 8-15-07